IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STACY L.,                              )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )    No. CIV-25-906-SM
                                       )
FRANK BISIGNANO,                       )
COMMISSIONER                           )
OF SOCIAL SECURITY,                    )
                                       )
    Defendant.                         )

**MEMORANDUM OPINION AND ORDER**

Stacy L.[1] (Plaintiff), seeks judicial review of the Commissioner of Social

Security's final decision that he was not "disabled" under the Social Security

Act. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to proceed

before the undersigned for disposition. Docs. 8, 9; *see* 28 U.S.C. § 636(c).[2]

Plaintiff asks this Court to reverse the Commissioner's decision and

remand the case for further proceedings, arguing that the Administrative Law

---

[1]    The Court refers to Plaintiff by first name and last initial only to protect
Plaintiff's privacy because of the sensitive nature of medical and personal
information disclosed in Social Security cases.

[2]    Citations to the parties' pleadings and attached exhibits will refer to this
Court's CM/ECF pagination. Citations to the administrative record (AR) will
refer to its original pagination.

Judge (ALJ) failed to account for functional limitations relating to Plaintiff's obstructive sleep apnea, failed to account for Plaintiff's mild mental limitations, and failed to adequately and properly evaluate and account for Plaintiff's alcohol use disorder. Doc. 12, at 6-25.

After careful review of the AR, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. See 42 U.S.C. §§ 405(g), 1383(c)(3).

## I.    Administrative determination.

### A.    Disability standard.

Plaintiff applied for supplemental security income under the Social Security Act. AR 16; *see* 42 U.S.C. §§ 401, *et seq.*, 1381, *et seq.*

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

2

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

### C.   Relevant findings.

#### 1.   ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-36; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since September 23, 2021, the application date;

(2)   has the severe medically determinable impairments of right fourth digit fracture with degenerative changes, obstructive sleep apnea, and hypertension;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

3

(4)     had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R § 416.967(b);[3]

(5)     has no past relevant work and no transferable job skills;

(6)     was a younger individual on the date the application was filed, but subsequently changed age category to closely approaching advanced age;

(7)     has at least a high school education;

(8)     there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; namely, merchandise marker, Dictionary of Occupational Titles (DICOT) 209.587-034; housekeeping cleaner, DICOT 323.687-014; and mail clerk, DICOT 209.687-026;

(9)     had not been under a disability since September 23, 2021.

AR 19-35.

### 2.     Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011); *see* 20 C.F.R. § 416.1481.

---

[3]     "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a).

## II.    Judicial review of the Commissioner's decision.

### A.    Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"). "[T]he threshold . . . is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). This Court "consider[s] whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B. The ALJ properly accounted for Plaintiff's functional limitations associated with his severe obstructive sleep apnea in determining Plaintiff's RFC.

Plaintiff argues that the ALJ erred in his consideration of Plaintiff's obstructive sleep apnea in determining the RFC because the RFC "contains no limitations addressing the functional impact of 'obstructive sleep apnea', such as environmental restrictions, fatigue-related limitations, or concentration deficits." Doc. 12, at 8-9 (internal citation omitted). To successfully challenge the RFC determination, a plaintiff must articulate a specific limitation he experienced from his impairments, severe or otherwise, that the ALJ

6

erroneously failed to include in the RFC. *See*, *e.g.*, *McAnally v. Astrue*, 241 F. App'x 515, 518 (10th Cir. 2007) ("[W]e agree with the magistrate judge that, with regard to her hypertension, loss of vision or skin problems, the claimant has shown no error by the ALJ because she does not identify any functional limitations that should have been included in the RFC assessment or discuss any evidence that would support the inclusion of any limitations." (quotations and alterations omitted)); *Denman v. Saul*, No. CIV-18-640-G, 2019 WL 4059185, at *4 (W.D. Okla. Aug. 28, 2019) (affirming the ALJ's RFC where the plaintiff "fail[ed] to identify the specific limitations he believes were . . . [erroneously] omitted from the RFC").

At step two, the ALJ thoroughly reviewed Plaintiff's medical record and concluded that Plaintiff had severe physical impairments that included sleep apnea and nonsevere mental impairments of psychosis NOS (not otherwise specified), alcohol use disorder, depressive disorder, and trauma and stressor-related disorder. AR 19-29. At step three, the ALJ found that although Plaintiff suffers from obstructive sleep apnea, he "does not have chronic pulmonary hypertension . . . , chronic heart failure . . . , or disturbances in mood, cognition, and behavior[.]" *Id.* at 30. At step four, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other

evidence in the record" and specifically noted that Plaintiff's sleep apnea was "stable" with use of a CPAP machine and that Plaintiff "was fully alert to time, place, and person. Recent memory was fully intact. Mood was pleasant and sociable." *Id.* 31-32.

The Court concludes the ALJ adequately discussed and considered Plaintiff's obstructive sleep apnea in determining his RFC. The ALJ did not have to impose any limitations in the RFC unless the record bore out those limitations. Plaintiff himself did not offer any evidence at the hearing concerning the limitations imposed by his sleep apnea, and the medical record does not support any such limitations.[4] And Plaintiff does not suggest any limitations the ALJ should have included in the RFC assessment even now. The Court has considered the cases cited by Plaintiff and finds them

---

[4]     Plaintiff represented himself at the hearing and the ALJ did not specifically ask Plaintiff about any limitations related to his sleep apnea. AR 43-61. "ALJs are not required to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning. The standard is one of reasonable good judgment." *Wall*, 561 F.3d at 1062 (internal quotation marks and citation omitted). However, "even if the ALJ should have specifically inquired about Plaintiff's [sleep apnea], the Court finds any error harmless[]" in light of the medical record. *Gibson v. Saul*, No. CIV-18-1122-G, 2019 WL 4045662, at *3 (W.D. Okla. July 3, 2019), *adopted,* 2019 WL 4045651 (W.D. Okla. Aug. 27, 2019).

distinguishable. So Plaintiff's assertion that the ALJ erred by disregarding his sleep apnea at step four lacks merit.

### C. The ALJ properly accounted for Plaintiff's functional limitations associated with his mild mental limitations in determining Plaintiff's RFC.

Plaintiff argues that the ALJ failed to either include limitations resulting from Plaintiff's mild mental limitations in the RFC or "explain the omission." Doc. 12, at 14. At step two, the ALJ extensively reviewed the medical evidence relating to Plaintiff's mental impairments. AR 19-26. The ALJ then proceeded to "consider[] the [four] broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders . . . known as the 'paragraph B' criteria." *Id.* 26-29. In each area, the possible ratings are none, mild, moderate, marked, and extreme. 20 C.F.R. § 416.920a(c)(3). Ultimately, the ALJ determined that Plaintiff had "mild" limitations in all four functional areas and concluded that "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities[.]" AR 29.

Specifically, the ALJ noted:

- Plaintiff's "abilities to maintain a job while he was incarcerated which shows his ability to understand and learn terms, instructions, and procedures."

- Plaintiff's interactions with peers and medical providers ranged from "typically unremarkable with a few exceptions[]" to

"generally cooperative" to "good" to "pleasant and sociable[,]" with periods of "[m]ild anger, irritability, and frustration with mood swings" or "poor interpersonal skills[.]"

- Plaintiff's "symptoms have been more pronounced when he is not fully compliant with medication[,]" but "treatment records during incarceration also show [him] doing well even when he was not compliant with medication as prescribed."

*Id.* at 27-29.

At step four, the ALJ specifically referenced Plaintiff's "medically determinable mental impairment [sic]" and "multiple Mental Status Examinations[]" in concluding that Plaintiff can perform light duty work. *Cf. Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015) ("Thus, the ALJ accounted for Vigil's moderate concentration, persistence, and pace problems in his RFC assessment by limiting him to unskilled work."); *Suttles v. Colvin*, 543 F. App'x 824, 826 (10th Cir. 2013) ("mental limitations noted in the threshold inquiry at steps two and three do not apply at later steps"); *Beasley v. Colvin*, 520 F. App'x 748, 754 (10th Cir. 2013) ("The ALJ was under no obligation to include limitations in social functioning in Ms. Beasley's RFC based solely on his finding that she had 'moderate difficulties' in social functioning as part of the distinct step-three analysis."). Notably, Plaintiff did not respond to requests from two state reviewing physicians tasked with reviewing his mental function limitations, but the ALJ obtained additional records from Plaintiff's mental health treatment provider before rendering his decision. AR 33 ("[A]dditional

10

evidence received at the hearing level provides sufficient evidence for evaluation of the claimant's mental condition[].”), 64-66, 70-72, 517. “As such, it is clear that the ALJ considered Plaintiff's mental impairment in making an RFC determination and did not improperly rely on the step-two assessment in place of an RFC analysis.” *Williams v. Berryhill*, No. CIV-17-1199-G, 2019 WL 1199861, at \*5 (W.D. Okla. Mar. 14, 2019).

“To be sure, the ALJ's discussion here was brief; nevertheless, to succeed in his argument, Plaintiff must direct the Court's attention to some evidence that was apparently overlooked by the ALJ showing additional functional impairments based on” his mild mental impairments. *Montano v. Saul*, 2021 WL 1169982, at \*6 (D. Colo. Mar. 29, 2021). “The burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability.” *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004). “[A] claimant cannot simply allege he has an impairment; he must show how the impairment results in functional limitations.” *B.A.Y. v. Comm'r, SSA*, 2024 WL 2844697, at \*3 (10th Cir. June 5, 2024) (citing *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004)).

Plaintiff cites to specific reports that he contends “support the existence of functional limitations flowing from Plaintiff's non-severe mental

impairments." Doc. 12, at 19-20 (citing AR 395, 397-98, 405, 409-410, 412, 414, 424, 426, 429-30, 446-48, 469, 488, 499, 501-02, 504, 506, 527-531, 558, 634-35, 638, 643, 646). Notably, several of these records indicate that while he was in prison, Plaintiff maintained good job performance and relationships with peers and/or staff and had no disciplinary problems despite his mental impairments. AR 395, 411-12, 426, 430; *cf. id.* 529 (9/27/2023: "Client reports he is not working at this time because he is wanting to get SSI."). Plaintiff has the burden to provide evidence of work-related limitations due to his mental health impairments, yet none of the evidence Plaintiff cites supports his argument that the ALJ erred. *See Maestas v. Colvin*, 618 F. App'x 358, 361 (10th Cir. 2015) ("As part of [the plaintiff's] burden, he must provide evidence of his functional limitations."). Accordingly, "the ALJ's RFC assessment is supported by substantial evidence." *Beasley*, 520 F. App'x at 755.

Alternatively, "[b]ecause the evidence in this case does not support assessing any functional limitations from mental impairments," any error the ALJ committed at step four was harmless. *Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013). A reviewing court considers whether the agency decision provides "a sufficient basis to determine that appropriate legal principles have been followed." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citation modified). The ALJ must articulate his reasons for the decision "with sufficient

particularity to allow for judicial review." *Gorian v. Colvin*, 180 F. Supp. 3d 863, 868 (D.N.M. 2016) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)); *see also Spicer v. Barnhart*, 64 F. App'x 173, 177-78 (10th Cir. 2003) (requiring that "the ALJ's decision be sufficiently articulated so that it is capable of meaningful review"). Because this Court "can follow the [ALJ's] reasoning" and can determine that correct legal standards have been applied," the Court finds that "mere[] technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

**D. The ALJ properly considered all of Plaintiff's impairments, including his alcohol use disorder, in determining Plaintiff's RFC.**

Plaintiff argues that the ALJ "failed to properly and adequately assess and account for limitations related to Plaintiff's alcohol use disorder . . . . [and] failed to account for the combined effect of all impairments, including alcohol use disorder[.]" Doc. 12, at 23 (internal quotations omitted). At step two, the ALJ considered Plaintiff's diagnosis of alcohol use disorder, moderate, and concluded that when, "considered singly and in combination [with Plaintiff's other mental impairments], [it] do[es] not cause more than minimal limitation in [Plaintiff]'s ability to perform basic mental work activities and [is] therefore nonsevere." AR 19, 25-26. Plaintiff himself did not cite his alcohol use disorder

as an impairment limiting his ability to work. *Id.* at 30-31. So Plaintiff has not met his burden to show that a remand would produce a different outcome. *See Zavala v. Kijakazi*, No. CIV-20-1139-STE, 2021 WL 6051107, at *4 (W.D. Okla. Dec. 21, 2021) ("Mr. Zavala has not demonstrated that either his IBS or GERD results in functional limitations greater than those included in the RFC. Thus, the Court concludes any error the ALJ made in failing to discuss nonsevere impairments is harmless."); *Perez v. Saul*, No. CIV-19-1100-SM, 2021 WL 1177587, at *4 (W.D. Okla. Mar. 26, 2021).

## III.   Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 27th day of March, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE